**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **F.H. CANN & ASSOCIATES, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **Case No. 1:20-cv-11180** |
| | § | |
| **CARLOS A. MCKINNEY,** | § | |
| | § | |
| **Defendant** | § | |

# COMPLAINT

Plaintiff **F.H. Cann & Associates, Inc. complains of Defendant Carlos A. McKinney and would respectfully show the following:**

## Parties

1. Plaintiff is a Massachusetts corporation. Plaintiff's primary business is debt collection, and a substantial portion of its work pertains to delinquent student loans.

2. Defendant is a resident of the State of Georgia who has attempted to impose a unilateral contract upon Plaintiff through mailings directed to Plaintiff at its offices in Massachusetts. Defendant has directed his fraudulent tortious, and criminal actions at Plaintiff in Massachusetts and his conduct has subjected him to longarm jurisdiction in Massachusetts pursuant to ALM GL ch. 223A, § 3.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Plaintiff seeks declaratory relief arising under the Federal

Copyright Act, Title 17 of the United States Code. The parties are citizens of different states (Massachusetts and Georgia). And the amount in controversy is in excess of $75,000, both because the declaratory relief pertains to $500,000 in controversy and because Plaintiff seeks punitive damages exceeding $75,000.

4. Venue is proper in this district because the fraudulent and unlawful acts of Defendant were directed at Plaintiff in this district.

**Facts:**

5. Plaintiff was engaged by the U.S. Department of Education to collect Defendant's past due student loan debt. This suit arises from those efforts; however, Plaintiff does not seek to recover Defendant's debt in this action. Exhibit A was Plaintiff's first communication with Defendant.

6. On February 24, 2020, Plaintiff sent to Defendant an initial notice letter regarding his debt (Exhibit A). That notice informed Defendant of his right to dispute the debt within thirty days of receipt of the letter.

7. On or about April 4, 2020, Defendant sent to Plaintiff an untimely dispute letter (Exhibit B). The address that is listed on that letter for Plaintiff is 3620 Piedmont Rd NE Ste B 5069, Atlanta, GA 30305. That address stated for Plaintiff appears to be a private postal box. Plaintiff believes that Defendant uses that address to conceal his location and further the fraudulent and criminal scheme described below.

8. Exhibit B purports to be a notice of a dispute pursuant to 15 U.S.C. § 1692g(b). However, it also purports to impose upon Plaintiff numerous

obligations that are not imposed by federal law. Among those purported obligations that do not actually exist are:

- a demand that Plaintiff "verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value";
- a demand that Plaintiff provide proof "that the alleged account was transferred in good faith and by the consent of all parties Involved";
- a series of references to Citibank;[1]
- a demand that Plaintiff's officers sign an affidavit that is not required by any state or federal law;
- A list of demands for information and documents that are not required under federal or state law to be provided;[2]

9. Exhibit B further purports to compel deletion of all credit reporting regarding Defendant's student loan debt. This was an effort on Defendant's part to create a fraudulent and false credit history so that he could defraud other creditors.

---

[1] While not relevant to Defendant's student loan debt, the statements regarding Citibank evidence a number of fraudulent theories circulated on the internet and by various militia and "sovereign nation" groups to harass and defraud creditors and commit various acts of mail fraud as defined in Title 18 of the United States Code.

[2] Section 1692g(b) requires nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed. *Chaudhry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir. 1999).

10. Exhibit B further states: "Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Furthermore, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me Immediately." No legal duty existed to sign the affidavit, and these statements were a fraudulent attempt by Defendant to create an agreement where none existed and an admission where none existed.

11. Exhibit B purports to impose a thirty-day deadline to provide verification of Defendant's debt. No such deadline is imposed under federal law. All that is required by federal law is that a debt collector cease its collection efforts until verification is mailed in response to a timely dispute or request for validation.

12. Exhibit B further states: "I declare under penalty of perjury without the United States that the above statements are the truth, the whole truth and nothing but the truth." This statement and the use of "without the United States" is a fraudulent attempt by Defendant to create the impression of a document signed under oath while stating an apparent belief that penalties can be imposed only outside the United states.

13. Exhibit B further evidences Defendant's fraudulent intent by the signature block used by Defendant:

> Carlos McKinney - Secured Party Creditor,
> Authorized Representative, Attorney-ln-Fact, in
> behalf of CARLOS MCKINNEY©, ENS LEGIS

Defendant is not a secured creditor of Plaintiff, Plaintiff's officers, or plaintiff's client. Defendant's name is not subject to and lawful copyright.

14. Exhibit B also contains a purported "Invoice" describing Plaintiff as a "Account Debtor(s)" and Defendant as "Account Creditor". That document purports to claim a copyright in Defendant's name and to charge Plaintiff $500,000 for the sending of its initial letter to Defendant. The Invoice is followed by an unsigned "Acknowledgment" bearing a "Jurat Certificate" indicating that the invoice was purportedly acknowledged before a notary on April 9 (five days after the date on the first page of Exhibit B). Although Exhibit B states a Georgia address, the notary who purportedly executed the Jurat Certificate is not a licensed Georgia notary. He is a Florida notary located in Apollo Beach, Florida. The absence of a signature on the "Acknowledgment" and the "Jurat Certificate" indicates that the document was fraudulently notarized.

15. Exhibit B also contains a "Common Law Copyright Notice" asserting a common law copyright in Defendant's name. However, "the concept of common law copyright was preempted by the Copyright Act of 1976." *United States v. Ramirez*, 291 F. Supp. 2d 266, 269 (S.D.N.Y. 2003), citing 17 U.S.C. § 301(a); *Cmty for Creative Non-Violence v. Reid*, 490 U.S. 730, 740, 104 L. Ed. 2d 811, 109 S. Ct. 2166 (1989); 18 AM JUR. 2D. Copyright and Literary Property § 2. A name is merely a fact, and facts are not copyrightable. *Feist Publns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

16. Defendant's "Common Law Copyright Notice" includes a "Self-executing Contract/Security Agreement that purports to:

- consent to Defendant's nonexistent copyright;
- create an agreement to pay the Invoice;
- authorize Defendant to file a UCC-1 Financing Statement asserting a lien on Plaintiff's assets to secure Defendant's fraudulent $500,000 claim;
- create a continuing security interest in Plaintiff's assets;
- waive any defenses to Defendant's fraudulent claims;
- appoint Defendant as Plaintiff's Authorized Representative; and
- authorize Defendant to foreclose on Plaintiff's assets.

17. The Common Law Copyright Notice contains a Jurat stating that it was subscribed and sworn to before a Florida notary public on January 6, 2020, which is a date prior to Plaintiff's initial communication with defendant. The Common Law Copyright Notice evidences that scheme of Defendant to commit mail fraud by making false claims for money through the use of the U.S. mail.

18. On or about April 13, 2020, Defendant sent to Plaintiff a second fraudulent mailing containing false and fraudulent statements and demands similar to his letter of April 4, 2020. A true copy of the April 13 letter is Exhibit C to this Complaint.

19. Defendant subsequently sent to Plaintiff a "2nd Notice" of his Invoice stating that the Invoice was "Due Immediately". A true copy of that document is Exhibit D to this Complaint.

20. Defendant's actions as described above have interfered with Plaintiff's contract between it and the Department of Education.

21. Defendant's actions as described above have interfered with Plaintiff's lawful business activities.

22. Defendant's assertion of a lien on Plaintiff's assets in the amount of $500,000 harms Plaintiff in the amount of that lien.

23. Defendant's interference with Plaintiff's lawful business activities by the conduct described above has consumed the time of salaried employees of Plaintiff. Plaintiff has suffered a direct pecuniary loss by having to pay its employees to deal with Defendant's fraudulent mailings.

24. Plaintiff has therefore suffered a concrete, particularized, injury-in-fact that is directly attributable to Defendant's actions.

**First Claim for Relief – Declaratory Relief**

25. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment declaring that:

a. Defendant has no copyright in his name or that of the alleged Carlos Alexander McKinney Trust;

b. Defendant's purported $500,000 contract is void and unenforceable;

c. Defendant's purported $500,000 lien upon Plaintiff's assets is void and unenforceable;

d. any UCC-1 Financing Statements filed by Defendant with regard to Plaintiff are void and unenforceable;

e. Plaintiff's mailings, as evidenced by Exhibits B – D, are void and of no legal effect.

26. Pursuant to 28 U.S.C. § 2201, Plaintiff also seeks a declaratory judgment declaring that Defendant cannot claim any common law or statutory copyright on his name.

27. Pursuant to 28 U.S.C. § 2201, Plaintiff also seeks a declaratory judgment declaring that Defendant's use of the U.S. mail to send his fraudulent mailings to Plaintiff were acts of mail fraud as defined in 18 U.S.C. § 1341.

28. Pursuant to 28 U.S.C. § 2201, Plaintiff also seeks a declaratory judgment declaring that Defendant's use of Exhibit B was an act of perjury that is not avoided by the words "without the United States".

**Second Claim for Relief – Injunctive Relief**

29. Upon trial of this case Plaintiff seeks a permanent injunction:

a. enjoining Defendant from claiming any form of copyright in his name;

b. enjoining Defendant from continued use of mailings in the form of Exhibits B – D;

c. enjoining Defendant from attempting to create implied contracts through use of the U.S. Mail; and

d. enjoining Defendant from filing any UCC-1 financing statements pertaining to Plaintiff.

**Third Claim for Relief – Tortious Interference with Business Relations**

30. Plaintiff asserts that Defendant has committed acts of tortious interference with its business by the acts described above and that such conduct

was committed with actual malice, as evidenced by Defendant's entire course of conduct.

31. Plaintiff seeks as actual damages the pecuniary losses resulting from Defendant's conduct. Plaintiff also seeks punitive damages as a result of Defendant's willful and malicious conduct.

**Demand for Relief**

Plaintiff prays that it be granted judgment against Defendant for declaratory and injunctive relief as set forth above, actual damages, punitive damages, and all such other and further relief, at law or in equity, as to which it may be justly entitled.

**Demand for Relief**

Plaintiff requests a trial by jury on all claims so triable.

Respectfully submitted,

**/s/** Manuel H. Newburger
Manuel H. Newburger
BBO Reg. 705706
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 659-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

**/s/** Joshua M. D. Segal
Joshua M. D. Segal
BBO Reg. No. 678367
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
Telephone: (617) 439-4990
Fax: (617) 439-3987
jsegal@lawson-weitzen.com

ATTORNEYS FOR PLAINTIFF